IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT HALPERN, <br><br> Plaintiff, <br><br> v. <br><br> RICOH U.S.A., INC., <br><br> Defendant. | Civil Action No. 2:22-cv-01688 |

**DEFENDANT'S NOTICE OF REMOVAL**

Defendant Ricoh U.S.A., Inc. ("Ricoh"), by and through the undersigned counsel, hereby removes Case No. 220301922, *Robert Halpern v. Ricoh U.S.A., Inc.*, an action pending in the Court of Common Pleas of Philadelphia County, Pennsylvania (the "Action"), to the United States District Court for the Eastern District of Pennsylvania. Ricoh removes the Action pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453 on the factual and legal grounds discussed below.

**I.   Introduction**

1. The Action is removed to this Court pursuant to 28 U.S.C. § 1441 because it is a civil action in which (a) the amount in controversy exceeds the sum of $5,000,000 exclusive of costs and interest, (b) there are more than 100 members in the proposed putative class, and (c) there exists minimal diversity, meaning the Court has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA").

2. By filing this notice of removal, Ricoh does not intend to waive, and hereby reserves, any objection as to venue, the legal sufficiency of the claims alleged in the Action, and all other defenses. Ricoh reserves the right to supplement and amend this notice of removal.[1]

---

[1] "A party who removes an action from a state to a federal court does not thereby waive any of his or her Federal Rule 12(b) defenses or objections." Wright, Miller, Kane et al., 5C Fed. Prac. &

**II.     Background**

3. On March 20, 2022, Plaintiff Robert Halpern ("Plaintiff") commenced this putative class action against Ricoh by filing a Complaint in the Court of Common Pleas of Philadelphia County, Pennsylvania, captioned *Robert Halpern v. Ricoh U.S.A., Inc.*, Case No. 220301922.

4. The Complaint asserts causes of action against Ricoh for alleged breach of the implied warranty of merchantability and alleged violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL") in connection with Plaintiff's purchase in 2015 of an allegedly defective Pentax Model K-50 camera manufactured by Ricoh.

5. The proposed putative class is defined to include "the nationwide buyers of Pentax cameras that suddenly and continually produced black or dark images with normal exposure settings." Compl. ¶ 59.

6. Plaintiff, on his own behalf and on behalf of a putative nationwide class, seeks the repair of all allegedly defective Pentax K-series model cameras and/or payment of the actual costs of repair, as well as attorney's fees, treble damages, and any other relief the Court deems appropriate. *See* Compl., Prayer for Relief.

7. Ricoh was served with a copy of the Complaint on April 12, 2022.[2]

8. Ricoh has not yet answered or otherwise responded to the Complaint.

**III.    Jurisdiction**

9. CAFA creates federal jurisdiction over lawsuits in which "the matter in controversy

---

Proc. Civ. § 1395 (3d ed.) (Supp. 2018); *see also* Fed. R. Civ. P. 4(d)(5), 81(c) & 28 U.S.C. § 1441(e)(6).

[2] All filings docketed in the Action, including "all process, pleadings, and orders served" on Ricoh, 28 U.S.C. § 1446(a), are attached hereto as Exhibit A. A copy of the docket in the Action is attached hereto as Exhibit B.

exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant," and involves a putative class that consists of more than 100 members.  28 U.S.C. § 1332(d)(2)(A) and (d)(5).  Each requirement is met here.

### A. Minimal diversity exists.

10. To satisfy CAFA's diversity requirement, a party seeking removal need only show that minimal diversity exists; that is, one putative class member is a citizen of a state different from that of one defendant.  28 U.S.C. § 1332(d)(2).  Minimal diversity of citizenship exists here.

11. Pursuant to 28 U.S.C. § 1332, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).  Ricoh is an Ohio corporation with its principal place of business in the Commonwealth of Pennsylvania.  *See* Declaration of Ken Curry ("Curry Decl."), at as Exhibit C, at ¶ 6; Compl. ¶¶ 3–4 (alleging that Ricoh is headquartered in Pennsylvania).  Thus, for purposes of CAFA jurisdiction, Ricoh is a citizen of Ohio and Pennsylvania.  28 U.S.C. § 1332(c)(1).

12. Pentax K-series model cameras were sold throughout the United States, not just in Ohio and Pennsylvania.  Curry Decl. ¶ 4.

13. Plaintiff seeks to represent a "nationwide" class, not a class limited to citizens of Ohio and/or Pennsylvania.  *See* Compl. ¶ 59.

14. Accordingly, CAFA's minimal diversity requirement is satisfied because Ricoh is a citizen of Ohio and Pennsylvania, and at least one member of the putative nationwide class Plaintiff seeks to represent is a citizen of a state other than Ohio and Pennsylvania.

### B. The amount in controversy exceeds $5,000,000.

15. Although Ricoh denies Plaintiff's factual allegations and denies that Plaintiff and/or the putative class is entitled to the relief requested, as detailed below, Plaintiff's allegations and prayer for relief put into controversy an amount that plausibly exceeds the $5,000,000 threshold for CAFA jurisdiction.[3]

16. Pursuant to CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds $5,000,000. *See* 28 U.S.C. § 1332(d)(6). Where, as here, a plaintiff does not expressly plead a specific amount of damages, a removing party seeking to invoke CAFA jurisdiction "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). "[I]f a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case." Senate Judiciary Report, S. REP. 109-14, at 42 (2005).

17. The putative class is comprised of "the nationwide buyers of Pentax cameras that suddenly and continually produced black or dark images with normal exposure settings." Compl. ¶ 59.

18. Plaintiff alleges there is "no publicly available data" on the number of Pentax

---

[3] This Notice of Removal discusses the nature and amount of damages placed at issue by Plaintiff's Complaint. Ricoh's references to specific damage amounts and citation to cases supporting removal are provided solely to establish that the amount in controversy more likely than not exceeds the jurisdictional minimum. Ricoh maintains that each of Plaintiff's claims is without merit and it is not liable to Plaintiff or the putative class. Ricoh expressly denies that Plaintiff is entitled to recover any of the damages or other relief sought in the Complaint. No statement or reference contained in this Notice shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover any damages based upon the allegations contained in the Complaint or otherwise, or that any class can be certified in this matter.

cameras sold annually in the United States and speculates that the class is comprised of "between 2,000 and 4,000 members." Compl. ¶¶ 12, 60. Plaintiff's allegations suggest the class size may exceed Plaintiff's estimate, however.

19. The Complaint cites a purported survey contending that respondents reported an aperture failure in approximately 27% of Pentax Model K-30 cameras and 37% of Pentax Model K-50 cameras.[4] *See* Compl. ¶¶ 39–40 (describing survey reported at online forum). Ricoh estimates that approximately 12,028 Pentax Model K-30 cameras and 25,782 Pentax Model K-50 cameras have been sold in the United States. Curry Decl. ¶ 4. Extrapolating class size using the percentages reported in the survey referenced in the Complaint for removal purposes only would put approximately 12,786 cameras (*i.e.*, 3,247 Pentax Model K-30 cameras and 9,539 Pentax Model K-50 cameras) at issue in this case.[5]

20. The amount in controversy exceeds $5,000,000 when factoring in potential methodologies for, and categories of, relief implicated by the Complaint.

21. Plaintiff asserts a claim under the UTPCPL. Compl. ¶¶ 88–91, Prayer for Relief ¶¶ A–D. In support of his UTPCPL claim, Plaintiff alleges that Plaintiff "would not have purchased" his Pentax Model K-50 had he known of the alleged defect, and that Plaintiff suffered "damages" as a consequence. Compl. ¶¶ 88–91. Because the UTPCPL claim is based on allegations tying Plaintiff's injury to his purchase of a supposedly defective camera that he would not have purchased absent the alleged UTCPCPL violation, Plaintiff seeks an award based on the

---

[4] Ricoh takes the allegations concerning the purported survey as true for purposes of removal but reserves all rights and arguments concerning the survey, including with regard to its accuracy and reliability.

[5] If the Complaint seeks to sue on behalf of owners of additional Pentax K-series model cameras, then the putative class would be even larger.

allegedly defective product's purchase price. *See Werwinski v. Ford Motor Co.*, 286 F.3d 661, 667-68 (3d Cir. 2002) (explaining that "actual damages" permitted under the UTPCPL may be based on the purchase price of an allegedly defective product), *abrogated on other grounds*, *Earl v. NVR, Inc.*, 990 F.3d 310 (3d Cir. 2021).

22. Plaintiff also seeks treble damages under the UTPCPL, which are included in the amount-in-controversy analysis. *See* Compl., Prayer for Relief ¶ B; *see also Fox v. Chipotle Mexican Grill, Inc.*, No. 2:20-CV-1448, 2021 WL 706757, at *6 (W.D. Pa. Feb. 23, 2021) (considering treble damages to find CAFA's amount-in-controversy requirement satisfied).

23. The minimum suggested retail price of the Pentax Model K-50 cameras was approximately $499, and the Pentax Model K-30 cameras were similarly priced. Curry Decl. ¶ 5. Multiplying the estimated number of Pentax Model K-30 and K-50 cameras in the putative class (12,786 cameras) by the approximate minimum suggested retail price of the Pentax K-50 cameras ($499) would put approximately $6,380,214 at issue, which increases to $19,140,642 when trebled.[6]

24. Plaintiff also seeks an award of attorneys' fees. Compl. at Prayer for Relief ¶ C. *See Verma v. 3001 Castor, Inc.*, 937 F.3d 221, 227 (3d Cir. 2019) (noting that attorneys' fees "do count for CAFA's amount-in-controversy threshold"). Ricoh denies Plaintiff is entitled to attorneys' fees, but notes that attorneys' fees would further add to the jurisdictional amount.

25. Moreover, CAFA's amount-in-controversy requirement would also be satisfied

---

[6] CAFA's amount-in-controversy requirement would be satisfied even if the Court were to consider Plaintiff's estimate of class size. Multiplying Plaintiff's estimate of the class size (4,000) by the approximate minimum suggested retail price of the Pentax Model K-30 and K-50 cameras ($499) would put approximately $1,996,000 million at issue, which increases to $5,988,000 when trebled. After adding attorneys' fees to the treble damages at issue, *see* ¶ 24 *infra*, the amount in controversy exceeds CAFA's jurisdictional requirement even further.

even if, *arguendo*, the Court were to consider only "the actual cost of repairs" as opposed to the purchase price. Compl., Prayer for Relief ¶ A. Plaintiff alleges that an authorized Pentax repair costs $260 "and possibly more." *Id.* ¶ 54. Multiplying the estimated number of Pentax Model K-30 and K-50 cameras in the putative class (12,786) by the alleged cost of repairs per each allegedly defective camera ($260) would put approximately $3,324,360 at issue. Trebling that amount in accordance with Plaintiff's demand increases the amount to approximately $9,973,080, thus satisfying CAFA.[7]

26. Ricoh again denies Plaintiff is entitled to attorneys' fees; however, attorneys' fees would further add to the amount in controversy. *See* ¶ 24 *supra*.

### C. The putative class exceeds 100 members.

27. As demonstrated in ¶ 19 *supra*, Plaintiff's claims put approximately 12,786 cameras at issue plainly satisfying the 100-class member threshold. Plaintiff's projected class size, while seemingly underestimated, also demonstrates that the putative class exceeds 100 members. *See* Compl. ¶ 60 ("Plaintiff estimates that the class will number between 2,000 and 4,000 members.").

### IV. The procedural requirements for removal are satisfied.

28. This Court is the proper venue for removal because the Action is pending in the Court of Common Pleas of Philadelphia County, Pennsylvania, and the United States District Court for the Eastern District of Pennsylvania is the "district and division embracing the place

---

[7] CAFA's amount-in-controversy requirement would be satisfied even if the Court were to consider the alleged $125 cost of repair supposedly available through the non-authorized Oregon technician. Compl. ¶ 55. Multiplying the estimated number of Pentax Model K-30 and K-50 cameras in the putative class (12,786) by the alleged cost of unauthorized repairs per allegedly defective camera ($125) would put approximately $1,598,250 at issue. Trebling that amount in accordance with Plaintiff's demand, would put approximately $4,794,750 at issue. After adding attorneys' fees, the amount in controversy easily exceeds $5,000,000.

where such action is pending." 28 U.S.C. § 1441(a).

29. Ricoh timely filed this notice of removal. Ricoh was served with the Complaint on April 12, 2022. Accordingly, Ricoh filed this notice of removal within 30 days of being served. 28 U.S.C. §§ 1446(b); 1453(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (explaining that the time for filing a notice of removal does not run until a party has been served with the summons and complaint under the applicable state law).

30. As required by 28 U.S.C. § 1446(d), a copy of this notice of removal is being promptly served upon counsel for Plaintiff, and a copy is being filed with the Clerk of the Court of Common Pleas of Philadelphia County, Pennsylvania.

WHEREFORE, Ricoh respectfully requests that the above action now pending in the Court of Common Pleas of Philadelphia County, Pennsylvania, Case No. 220301922, be removed to the United States District Court for the Eastern District of Pennsylvania. If any question arises as to the propriety of the removal of the Action, Ricoh respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is subject to removal.

- 9 -

|  |  |
|---|---|
| Dated: May 2, 2022 | By: */s/ Franco A. Corrado* |
|  | MORGAN, LEWIS & BOCKIUS LLP |

J. Gordon Cooney, Jr., PA Bar No. 42636
Franco A. Corrado, PA Bar No. 91436
Matthew D. Klayman, PA Bar No. 319105
gordon.cooney@morganlewis.com
franco.corrado@morganlewis.com
matthew.klayman@morganlewis.com
1701 Market Street
Philadelphia, PA  19103-2921
Telephone:	+1.215.963.5000
Facsimile:	+1.215.963.5001

*Attorneys for Defendant Ricoh U.S.A., Inc.*

## **CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing has been sent this 2nd day of May, 2022 via e-mail and first class U.S. mail, postage prepaid, to:

Robert N. Halpern
18 West Gowen Avenue
Philadelphia, PA 19119
rnh17@verizon.net

                                                              */s/ Franco A. Corrado*
                                                              Franco A. Corrado